Requestor: Robert J. Allan, Esq., Village Attorney Village of Camillus 43 Main Street Camillus, N Y 13031
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether two members of the board of trustees may participate in matters relating to the financing of the fire department and purchases for the fire department.
You have informed us that the Village of Camillus is served by the Camillus Volunteer Fire Department, Inc. which is a fire company incorporated under the Not-For-Profit Corporation Law. The village mayor and board of trustees oversee the operations and expenditures of the fire department. Fire department expenses for items such as vehicles, insurance, fuel, equipment, etc. are paid out of general village funds after appropriation by the board of trustees. All firefighting equipment is owned by the village and purchased by the village.
You state that two members of the current board of trustees are associated with the fire department. The mayor has the status of lifetime member of the fire department, effectively retired from active service. Under the fire department by-laws any person in good standing with 20 years of active service becomes a lifetime member. Lifetime members may choose to participate in 12 drills a year, thus maintaining active service, and have the option to respond to emergency calls. A trustee is currently an active fireman who has been voluntarily placed on inactive status. You have indicated that he is also past president of the Firefighters Association of the State of New York.
Inactive members, including the mayor and trustee, have all the privileges of a regular member except they are excused from all fire, rescue and ambulance calls and practices. Inactive members may not hold any line office.
In a prior opinion of this office, we noted that
 "The development of ethics standards to define when private employment and activities are in conflict with the official duties of a local government officer or employee has been left to the governing body of the municipality. General Municipal Law, § 806(1). Governing bodies of a county, city, town, village and school district are required to adopt codes of ethics, which must include these and other standards. Ibid. A code of ethics may provide for the prohibition of conduct in violation of ethics standards. Ibid. Local governments are authorized to establish boards of ethics, which may render advisory opinions to local officers and employees concerning compliance with standards established by a code of ethics. Id., § 808."
Informal Opinion No. 91-21.
We suggest that you review your local code of ethics to determine if any of its provisions apply to the facts at hand. We also noted in that opinion that a body of common law has developed setting aside the decisions of boards and officers acting with substantial conflicts of interests.
Members of the board of trustees (which includes the mayor) must determine the extent of support for various village functions, taking into consideration limited resources. We have found that two trustees who served as active members of the village volunteer fire department should recuse themselves from participating in deliberations on the portion of the village budget funding the fire department. Informal Opinion No. 91-21. We stated that participation in these matters would at least create an appearance of impropriety.
The mayor and trustee, although in inactive status in the village fire department, continue to have the opportunity to participate in department social functions and undoubtedly have close relationships with the volunteer firefighters. In our view, this relationship necessitates that they recuse themselves from acting on village fire department matters.
We recognize, however, that in a small village it may be necessary or desireable that members of the board of trustees serve as volunteer firefighters. If that is the case, the village should either amend its code of ethics or enact a local law providing that members of the board of trustees may act with respect to the fire department. To justify that action, the board of trustees must balance the expected conflict of interests against the public interest to be served by having sufficient members on the volunteer fire department.
We conclude that members of the village board of trustees who also are affiliated with the volunteer fire department should recuse themselves from voting on those portions of the budget that affect the fire department. The board of trustees may, however, establish exceptions to this rule if the public interest would be served.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.